UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN XIAOZHONG WANG,

        Plaintiff,

                                            Case No. 26-cv-11280
v.                                      Honorable Linda V. Parker

CAPGEMINI AMERICA, INC., ET AL.,

        Defendant.

_____

JOHN XIAOZHONG WANG,

        Plaintiff,

                                            Case No. 26-cv-11296
v.                                      Honorable Linda V. Parker

CAPGEMINI AMERICA, INC., ET AL.,

        Defendant.

_____

JOHN XIAOZHONG WANG,

        Plaintiff,

                                            Case No. 26-cv-11762
v.                                      Honorable Linda V. Parker

CAPGEMINI AMERICA, INC.,

        Defendant.

_____

**OPINION AND ORDER (1) DISMISSING CASE NO. 26-CV-11280 FOR FAILURE TO CORRECT DEFICIENCY; (2) DENYING PLAINTIFF'S MOTION TO REMAND IN CASE NO. 26-CV-11762 (NO. 2); (3) STRIKING PLAINTIFF'S RECENT AMENDED COMPLAINTS IN CASE NO. 26-CV-11296 (NOS. 50-52); (4) REWARNING PLAINTIFF ABOUT PRO SE PORTAL PRIVILEGES; AND (5) PROVIDING PARTIES NOTICE AND OPPORTUNITY TO RESPOND REGARDING CONSOLIDATION**

These are three actions arising from Plaintiff's employment with Defendant Capgemini America, Inc. ("Capgemini"). In the first action, 26-cv-11280, Plaintiff failed to pay the filing fee, resulting in a notice of deficiency with the correction (payment of the fee) due by May 4, 2026. Plaintiff claimed he paid the fee (*see* ECF No. 6); however, the payment he references is the fee he paid in connection with a second-opened action, 26-cv-11296.

Plaintiff filed a complaint in state court against Capgemini, which Capgemini removed to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. That case is 26-cv-11762. Plaintiff has filed a motion to remand this last action to state court, challenging diversity jurisdiction.

Plaintiff contends that Capgemini has not demonstrated that the parties are diverse, as it "has not provided evidence of Plaintiff's citizenship beyond conclusory statements ." Plaintiff also contends that Capgemini "has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000 . . .."

2

A party invoking diversity jurisdiction must affirmatively show that the requirements are met.  Capgemini has done so.  As it points out, Plaintiff alleged in his state-court complaint that he is a Michigan citizen, and Capgemini shows by declaration that it is a citizen of New York and New Jersey.  Plaintiff's allegations in his Complaint—seeking $450 *million* in damages—satisfies the amount in controversy.  Plaintiff offers no contrary evidence.  Thus, the Court is denying his motion to remand.

Turning to the second-filed action, Plaintiff has filed numerous documents since it was opened on April 20, 2026.  Due to Plaintiff's repeated filing of inappropriate materials, the Court revoked his privileges to use the pro se portal.  When Plaintiff requested that the privileges be reinstated—promising *inter alia* that he would "file only documents authorized by rule, order, or procedural necessity"—the Court reinstated his privileges.  However, since then, Plaintiff has filed three additional pleadings—all titled "First Amended Complaint"—even though he previously amended his complaint on April 28, 2026.  He also filed a declaration, for which the authority is unclear.

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading *once* as a matter of course no later than 21 days after serving it or after service of a responsive pleading or motion under Federal Rule of Civil Procedure 12(b), (e), or (f).  Otherwise, "a party may amend its pleading only with the

3

opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

Plaintiff did not obtain Defendants' or the Court's permission to file what are

actually second, third, and fourth amended complaints.  The Court is therefore

striking those filings.  The Court also warns Plaintiff that it will not hesitate to

revoke his pro se portal privileges again, and will do so without warning, if he

continues to file documents that are not permitted by the Eastern District of

Michigan Local Rules or the Federal Rules of Civil Procedure.

The Court is dismissing Plaintiff's first-filed action due to his failure to

correct the deficiency.  It also is duplicative of the second-filed action.  As the

remaining actions arise from Plaintiff's employment with Capgemini, the Court

believes they should be consolidated to promote judicial efficiency pursuant to

Eastern District of Michigan Local Rule 83.11(b)(3).  Therefore, the Court is

affording the parties notice and an opportunity to respond to its plan to consolidate

the actions.  *See id.*

Accordingly,

**IT IS ORDERED** that Case No. 26-cv-11280 is **DISMISSED WITHOUT
PREJUDICE** due to Plaintiff's failure to pay the filing fee.

**IT IS FURTHER ORDERED** that the second, third, and fourth amended

complaints in Case No. 26-cv-11296 (ECF No. 50, 51, 52) are **STRICKEN**.

4

**IT IS FURTHER ORDERED** that Plaintiff is warned that further abuses of his pro se portal privileges will result in the revocation of those privileges without notice.

**IT IS FURTHER ORDERED** that Plaintiff's motion to remand in Case No. 26-cv-11762 (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that any party objecting to the consolidation of Case No. 26-cv-11296 and Case No. 26-cv-11762 shall file a "notice of opposition" within seven (7) days of this Opinion and Order, explaining the reasons why the cases should not be consolidated.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 10, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 10, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

5